**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BENJAMIN L.,[1]                                    Case No. 3:25-cv-0042

        Plaintiff,                                  Newman, J.
                                                   Bowman, M.J.
    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Benjamin L. filed this Social Security appeal to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. For the following reasons, the undersigned recommends that the Commissioner's decision be AFFIRMED.

**I. Summary of Administrative Record**

On June 24, 2022, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. On the same date, Plaintiff also filed a Title XVI application for supplemental security income. In both applications Plaintiff alleged disability beginning on March 1, 2020. Plaintiff's claims were denied initially and on reconsideration.

On November 28, 2023, Plaintiff appeared with counsel and testified at a telephonic hearing before Administrative Law Judge ("ALJ") Gregory Kenyon. A

---

[1]Because of significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

1

vocational expert also appeared and testified.  On January 19, 2024, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled.  The Appeals Council declined further review, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff then filed this judicial appeal.

Plaintiff was born in 1980 and was 39 years old on the alleged disability onset date. (Tr. 23). He has a limited education, past relevant work as a Tree Trimmer, and—at the time of the hearing—had not engaged in substantial gainful activity since the onset date. (Tr. 17, 22, 23).

Based on the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "residuals of right tibia and fibula fractures and a right ankle fracture, including complex regional pain syndrome; a history of a seizure; mild obesity; depression; and an anxiety disorder."  (Tr. 17).  Considering Plaintiff's impairments individually and in combination, the ALJ determined that none met or medically equaled "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 18). The ALJ determined that, despite these impairments, Plaintiff retains the residual functional capacity ("RFC") to perform light work subject to the following exceptions:

> (1) occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no driving of automotive equipment; (5) simple, routine, repetitive tasks; (6) occasional superficial contact with co-workers and supervisors (superficial contact is defined as able to receive simple instructions, ask simple questions, and receive performance appraisals but as unable to engage in more complex social interactions such as persuading other people or resolving interpersonal conflicts); (7) no public contact; (8) no fast paced work; (9) no strict production quotas; and (10) limited to jobs which involve very little, if any, change in the job duties or the work routine from one day to the next.

(Tr. 19-20). Based on the RFC and testimony from the VE, the ALJ agreed that Plaintiff could not perform any past relevant work.  Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff could perform other jobs that exist in significant numbers in the national economy, including the representative occupations of merchandise marker, routing clerk, and inspector/hand packager. (Tr. 23). The ALJ concluded that Plaintiff was not disabled from March 1, 2020 through the date of the decision. (Tr. 24).

In this case, Plaintiff contends that the ALJ failed to properly evaluate prior administrative medical findings for supportability and consistency, as required by 20 C.F.R. §§ 404.1520c and 416.920c.  (Doc. 8).

## II.  Analysis

### A.  Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v.*

*Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 139 S. Ct.1148, 1154 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must

4

present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B.  The ALJ Properly Evaluated the Prior Administrative Medical Findings**

Plaintiff argues that the ALJ committed reversible error by failing to sufficiently articulate his analysis of the "supportability" and "consistency" of the psychological opinions offered by state agency psychologists Dr. Hill and Dr. Dietz.

Under 20 C.F.R. § 404.1520c, an ALJ must evaluate the "persuasiveness" of each medical opinion by considering multiple factors, including "supportability" and "consistency." 20 C.F.R.. §404.1520c(c). With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1).  Similarly, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s). . . ."  20 C.F.R. § 416.920c(c)(2).

The undersigned finds no error in the ALJ's analysis.  In formulating Plaintiff's RFC, the ALJ considered the opinions of Dr. Hill and Dr. Dietz, which the ALJ found to be somewhat persuasive.  Both agency psychologists reviewed Plaintiff's file and evidence and concluded that Plaintiff had no more than moderate limitations in any mental area, including no limitation in understanding, remembering, or applying information. (*See* Tr. 22. *See also* 74, 84). As indicated by the ALJ, this finding was consistent with Plaintiff's objective examinations of record which consistently indicate that Plaintiff had intact memory function, full orientation, and good immediate recall. (*Id.* at 18, 21). Hill and Deitz

5

further concluded that Plaintiff was limited to one-to-four step tasks, which the ALJ noted was vocationally vague, but incorporated in the RFC with a limitation to only simple, routine, and repetitive tasks. (Tr. 22). The psychologists limited Plaintiff to superficial social contacts, however—viewing the evidence in a light more favorable to Plaintiff due to his impulsivity—the ALJ included a limitation to no public contact in the RFC. (*Id.*).

With respect to the moderate limitations, the ALJ decision indicates that the opinions were consistent with Plaintiff's objective examinations of record relating to Plaintiff's interactions with others (that he had normal eye contact, speech, and psychomotor activity with, at times, angry mood and labile affect); concentrating, persisting, or maintaining pace (that Plaintiff has normal attention and concentration with, again at times, angry mood and labile affect); and adapting or managing oneself (that he has normal impulse control with, at time, poor insight and judgment). (Tr. 19, 21-22). The ALJ also adequately assessed the supportability of the psychologists' opinions by citing to specific portions of the record underlying their findings. (*Id.*). For example, as argued by Defendant, the ALJ cited to Plaintiff's treatment notes and a behavioral assessment reviewed by the state agency psychologists. (*See* Doc. 10 at PageID 1084). In identifying the evidence considered and relied on by the psychologists, as well as indicating the consistency of those records with their opinions, the ALJ sufficiently articulated the persuasiveness of the psychologist's opinions. *See Sasha M. v. Comm'r of Soc. Sec.*, No. 2:22-CV-2101-EAS-KAJ, 2023 WL 1793536, at *7 (S.D. Ohio Feb. 7, 2023), *report and recommendation adopted*, No. 2:22-CV-2101, 2023 WL 6383450 (S.D. Ohio Sept. 29, 2023) ("[T]he ALJ cited to the same records upon which the state agency psychologists based their opinions.... In other words, she considered supportability and

the opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence") (internal quotations omitted).

Although, as argued by Plaintiff, the ALJ did not explicitly use the terms supportability and consistency, an ALJ need not use the precise words so long as he or she has explained how those two "most important" factors were considered in determining the persuasiveness of each opinion. 20 C.F.R. § 404.1520c(b)(2); *see also Hardy v. Comm'r of Soc. Sec.*, No. 2:20-cv-4097-CMV-JLG, 2021 WL 4059310, at *2 (S.D. Ohio Sept. 7, 2021) (use of words "supportability" and "consistency" not required where opinion adequately addressed both issues). The undersigned finds no reversible error because the ALJ's mental RFC findings as determined are both adequately explained and substantially supported. The ALJ's analysis builds "an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011). In fact, most of the ALJ's mental RFC findings can be traced to the reviewing psychologists' opinions, which the ALJ found to be somewhat persuasive, in large part, on account of the ALJ's finding that a more restrictive limitation was warranted with respect to social contacts.

Additionally, reversal is not appropriate here because Plaintiff can show no prejudice. A comparison of the ALJ's mental RFC findings with the consulting psychological opinions shows few differences and Plaintiff has presented no medical opinion that his impairments imposed greater limitations than those identified by the state agency psychologists or the ALJ.[2] *See Elaine S. v. Comm'r of Soc. Sec.*, Case No. 3:22-

---

[2] Plaintiff argues that there are other psychological medical opinions in the record, which documents serious persistent symptoms of daily depression, severe anxiety with feelings of dread, severe restlessness, suicidal ideation and seizure-like activity. Plaintiff further points to his having been admitted to the hospital based on these conditions. (*See* Doc. 8 at PageID 1069-70; Doc. 12 at PageID 1094-95). However,

cv-240, 2023 WL 6290070, at *4 (S.D. Ohio Sept. 27, 2023) (Newman, D.J.) (finding a supportability-analysis error was harmless where the plaintiff did not point to evidence contrary to the ALJ's conclusion regarding the state agency opinion). Courts "will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *See Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). Plaintiff does not allege a deprivation of substantial rights and has not shown he was prejudiced by the ALJ's articulation regarding the persuasiveness of the psychologists' opinions.

Accordingly, the undersigned finds that ALJ properly evaluated the prior administrative medical findings of Dr. Hill and Dr. Deitz and the decision is otherwise supported by substantial evidence.

### III. Conclusion and Recommendation

Because the Commissioner's decision reflects no reversible error and is supported by substantial evidence, **IT IS RECOMMENDED THAT** the decision be **AFFIRMED** and that this case be **CLOSED**.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

---

Plaintiff's symptoms and hospital admissions were identified and assessed by the ALJ (*See* Tr. 17, 21). And, as here, if the ALJ supports his RFC with a "combination of objective medical evidence and non-medical evidence," decisions are upheld "even where there is no medical opinion that corresponds precisely to the RFC found by the ALJ." See *Naddra v. Comm'r of Soc. Sec.,* No. 1:16-CV-340, 2016 WL 11268204, at *8 (S.D. Ohio Dec. 22, 2016) (Bowman, M.J.) (collecting cases), report and recommendation adopted, No. 1:16-CV-340, 2017 WL 1194708 (S.D. Ohio Mar. 31, 2017) (Barrett, D.J.).

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BENJAMIN L.,                                            Case No. 3:25-cv-0042

      Plaintiff,                                      Newman, J.
                                                       Bowman, M.J.
    v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).